affidavit of defense averred that the check was negotiable in form and that the plaintiff had not at any time offered to indemnify defendant against any claim being made upon the said check in the hands of the holder, or of any person to whom it might be passed in due course for value. There is, therefore, outstanding the check of the defendant for the amount which the plaintiff seeks to recover in this action, which is, in the circumstances, a sufficient reason for refusing to enter judgment: Barclay v. Lehigh Coal & Navigation Co., 33 Pa. Superior Ct. 214.

The appeal is dismissed, but without prejudice, &c.

---

## Estate of Mary C. Russell, Deceased.

*Decedent's estate—Desertion by husband—Bar to participation in wife's estate.*

A husband who has wilfully deserted his wife for a period of six years prior to her death is not entitled to share in her estate.

Argued November 17, 1925. Appeal No. 330, October T., 1925, by Gabriel Russell, from decree of O. C. Chester County, March T., 1925, dismissing exceptions to Auditor's report in the estate of Mary C. Russell, deceased. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Exceptions to Auditor's report. Before HAUSE, J.

The facts are stated in the following opinion of the court below:

This decedent was the wife of Gabriel Russell. In the distribution of her estate, he claimed his share as surviving husband. His claim was contested on the ground that for more than a year prior to the wife's death, he had wilfully and maliciously deserted her and had wilfully neglected to provide for her.

The auditor found as a fact, from sufficient testimony that desertion had taken place and that it was wilful and malicious, "and he further found a wilful neglect on the part of the husband to provide for his wife." This conduct continued for some six years prior to the wife's death.

In November, 1917, the husband came to his home one night with a friend. Both were intoxicated and their conduct resulted in the husband's arrest on the following day. His trouble was adjusted by the parties. A few weeks later, without explanation or warning, he disappeared from the home taking all his clothing and personal effects with him, and he remained away since that time. His wife died in December, 1923, and from the time he left until her death, he contributed nothing toward her support.

"No admissible testimony was submitted by him to the auditor to excuse his going or to indicate that it was with his wife's consent" and, under the testimony present and the facts found as to the act of his leaving, the law presumes that his desertion was wilful and malicious. Whelan v. Whelan, 183 Pa. 293; Hedderson v. Hedderson, 35 Pa. Sup. 629; Philips' Est., 271 Pa. 129; Schreckengost's Est., 77 Pa. Sup. 235.

The exceptions are dismissed and the report of the auditor is confirmed.

Exceptant appealed.

*Error assigned* was the decree of the court.

*W. S. Harris*, for appellant.

No appearance and no printed brief for appellee.

PER CURIAM, December 14, 1925:

The decree is affirmed on the opinion of Judge HAUSE, dismissing exceptions to the report of the auditor.